IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MCSHANE, on behalf of herself and all other persons similarly situated, known and unknown, | Case No. 1:14-cv-03921 |
| Plaintiff, | |
| v. | Judge: Zagel |
| LEVY PREMIUM FOODSERVICE L.P., | Magistrate: Valdez |
| Defendant. | |

**FIRST AMENDED ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, LEVY PREMIUM FOODSERVICE LIMITED PARTNERSHIP ("Levy"), pursuant to Federal Rules of Civil Procedure 8 & 12, for its First Amended Answer and Affirmative and Other Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

**COMPLAINT ¶1:**

This lawsuit arises as a class and collective action under the Fair Labor Standards Act (FLSA, or the "Act"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly-situated current and former employees earned minimum wages. Defendant owns and operates, among other things, the Stadium Club at U.S. Cellular Field, home of the Chicago White Sox baseball club. Plaintiff and the persons she seeks to represent are current and former Stadium Club servers.

**ANSWER:**

Levy admits that Plaintiff purports to bring this lawsuit under the FLSA and the IMWL on behalf of the employees described in Paragraph 1 of the Complaint, but denies that it engaged in any wrongdoing or violation of the FLSA or IMWL. Levy further denies that this is a proper

collective or class action. Levy admits that it operates, among other things, the food and beverage service at the Stadium Club at U.S. Cellular Field, home of the Chicago White Sox baseball club. Levy admits that Plaintiff is a current or former Stadium Club server. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Levy pays its servers a sub-minimum, hourly wage under the tip-credit provisions of the FLSA and IMWL. Those statutes allow an employer of tipped employees to pay wages less than the minimum wage (*i.e.*, to take a 'tip credit') if the employer complies with the requirements of the tip-credit provisions. Defendant disregarded those requirements, and its failure to pay minimum wages violated the federal and state minimum wage laws.

**ANSWER:**

The allegations contained in the second sentence of Paragraph 2 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent that any of the allegations contained in the second sentence of Paragraph 2 of the Complaint are deemed factual averments, Levy denies them. Levy denies the remaining allegations contained in Paragraph 2 of the Complaint.

## THE PARTIES

**COMPLAINT ¶3:**

Plaintiff resides in and is domiciled within this judicial district. Plaintiff was employed by Defendant at the Stadium Club in Chicago, Illinois. Plaintiff worked for Defendant as a server during the limitations period of this action.

**ANSWER:**

On information and belief, Levy admits that Plaintiff resides in and is domiciled within this judicial district. Levy admits the remaining allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Defendant is an Illinois limited partnership with its principal place of business at 980 N. Michigan Avenue, Chicago, Illinois.

17843516v.2

**ANSWER:**

Levy admits the allegations contained in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

At all times relevant hereto, Plaintiff was an "employee" of Defendant as defined by the IMWL, 820 ILCS 105/3(d), and the FLSA, 29 U.S.C. §203(d).

**ANSWER:**

Levy admits the allegations contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

During her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

**ANSWER:**

Levy admits the allegations contained in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

At all times relevant hereto, Defendant was Plaintiff's "employer" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA, 29 U.S.C. §203(d).

**ANSWER:**

Levy admits the allegations contained in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Defendant owns and operates a restaurant in the State of Illinois in this judicial district, is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

**ANSWER:**

Levy denies that it owns a restaurant in the State of Illinois in this judicial district. Levy admits that it operates foodservice locations in the State of Illinois in this judicial district. Levy admits the remaining allegations contained in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

Defendant's employees are engaged in interstate commerce, and Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, throughout the limitations period of this action.

**ANSWER:**

Levy admits the allegations contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

During the course of her employment by Defendant, Plaintiff handled goods, including perishable produce and other food products that moved in interstate commerce.

**ANSWER:**

Levy admits the allegations contained in Paragraph 10 of the Complaint.

## COUNT I
### Violation of the Illinois Minimum Wage Law — Minimum Wages
### Class Action

**COMPLAINT ¶11:**

This count arises from Defendant's willful violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.,* for its failure to pay Plaintiff and the class of servers that she represents all earned minimum wages.

**ANSWER:**

Levy admits that Plaintiff purports to bring Count I under the IMWL for Levy's alleged failure to pay Plaintiff and the class of servers that she seeks to represent all earned minimum wages. Levy denies that it engaged in any wrongdoing or violation of the IMWL and denies that this is a proper class action. Levy denies any remaining allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Plaintiff and the class are current and former employees working at the Stadium Club who were paid the "tip credit" and who are due, and who have not been paid, minimum wages under the provisions of the IMWL. Plaintiff brings this Count I as a class action under Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3).

**ANSWER:**

Levy admits that Plaintiff and the class she seeks to represent are current and former employees working at the Stadium Club but denies that Plaintiff and the class she seeks to represent were paid the "tip credit" and are due or have not been paid minimum wages under the provisions of the IMWL. Levy admits that Plaintiff purports to bring Count I as a class action under Federal Rules of Civil Procedure 23(b)(3). Levy denies that it engaged in any wrongdoing or violation of the IMWL and denies that this is a proper class action. Levy denies any remaining allegations contained in Paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Plaintiff and other similarly-situated persons were employed by Defendant as servers in Illinois, and Defendant paid Plaintiff and other servers an hourly rate of $4.95 per hour. Ex. A, McShane Earnings Stmt.

**ANSWER:**

Levy admits that Plaintiff and other persons she seeks to represent were employed by Levy as servers in Illinois. Levy denies that it paid Plaintiff and other persons she seeks to represent $4.95 per hour. The $4.95 per hour was one component of the servers' pay, but not the only component, as servers also received a percentage of compulsory charges for service imposed on customers. Levy denies that any other persons are similarly situated to Plaintiff and denies the remaining allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

An employer may lawfully take a 'tip credit' on wages paid to a tipped employee if that employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c).

17843516v.2

**ANSWER:**

The allegations contained in Paragraph 14 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent that any of the allegations contained in Paragraph 14 of the Complaint are deemed factual averments, Levy denies them.

**COMPLAINT ¶15:**

Defendant provides menus to its customers that state that "an 18% gratuity will be added to all food and beverage purchases." Ex. B, Menu Exemplar. On customer credit card bills, patrons are told that a "service charge is included in the bill" in the amount of 18 percent.

**ANSWER:**

Levy admits that the Menu Exemplar attached as Exhibit B to the Complaint states that "an 18% gratuity will be added to all food and beverage purchases." Levy admits that "[o]n customer credit card bills, patrons are told that a 'service charge is included in the bill' in the amount of 18 percent." Levy denies the remaining allegations contained in paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

Defendant retains a portion of the 18 percent "gratuity" or "service charge" that is paid by patrons for Defendant's own use and benefit.

**ANSWER:**

Levy denies that the 18 percent imposed on customers is a "gratuity." Levy admits that it retains a portion of the 18 percent compulsory service charge imposed on customers for its own use and benefit. Levy denies any remaining allegations contained in paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

A compulsory charge for service imposed by an employer on its patrons is not a tip, and cannot be used to satisfy the tip portion of Section 3(m). Thus, if Defendant's compulsory 18 percent charge is a *bona fide* service charge, then it cannot be used as tip credit towards the minimum wage under Section 3(m); if the charge is in fact a tip, then it was improper for Defendant to appropriate any portion of that tip for its own purposes. *See Johnson, et al. v.*

6

*Pinstripes, Inc., et al.,* No. 12 C 1018, 2013 U.S. Dist. LEXIS 138253, at *15 (N.D. Ill. Sept. 26, 2013).

**ANSWER:**

The allegations contained in Paragraph 17 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent that any of the allegations contained in Paragraph 17 of the Complaint are deemed factual averments, Levy denies them.

**COMPLAINT ¶18:**

Defendant's practices violate the minimum wage provisions of the IMWL. Plaintiff will seek to certify this Count I as a class action, and ask the Court to determine the rights of the class, and any other damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to the Plaintiff and the class that she seeks to represent.

**ANSWER:**

Levy lacks knowledge or information sufficient to form a belief as to the relief Plaintiff "will seek" or as to the litigation strategy of action she will implement and, therefore, denies the allegations contained in the second sentence of Paragraph 18 of the Complaint. Levy denies the remaining allegations contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

This Count I is brought as a class action because the class members similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. Plaintiff therefore brings this action on her own behalf as an aggrieved employee, and in her representative capacity, against Defendant.

**ANSWER:**

Levy admits that Plaintiff purports to bring Count I as a class action and that she has styled this case as an action on her own behalf and as a representative of other allegedly aggrieved employees. Levy denies that it engaged in any wrongdoing or violation of the IMWL and denies that this is a proper class action. Levy denies any remaining allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Plaintiff and similarly-situated persons are equally affected by the minimum wage violations of Defendant, and the relief sought is for the benefit of Plaintiff and the class that she seeks to represent.

**ANSWER:**

Levy admits that Plaintiff purports to seek relief on behalf of herself and a class of individuals. Levy denies that it engaged in any wrongdoing or violation of the IMWL and denies that this is a proper class action. Levy denies any remaining allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

The issues involved in this lawsuit present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any.

**ANSWER:**

Levy denies the allegations contained in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Plaintiff and the class of similarly-situated persons on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely owed minimum wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

**ANSWER:**

Levy denies the allegations contained in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

Plaintiff is able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

**ANSWER:**

Levy denies the allegations contained in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

The books and records of Defendant are material to Plaintiff's action as they disclose the hours worked by Plaintiff and each class member and the rate of pay for that work.

**ANSWER:**

Levy admits that its records reflect the hours worked by Plaintiff and the amounts Levy paid her. Levy denies the remaining allegations in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Defendant violated the IMWL by failing to compensate Plaintiff and members of the class consistent with the minimum wage provisions.

**ANSWER:**

Levy denies the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

Pursuant to 820 ILCS 105/12(a), affected employees are entitled to recover unpaid wages for three years prior to the filing of this lawsuit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

**ANSWER:**

The allegations contained in Paragraph 26 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent that any of the allegations contained in Paragraph 26 of the Complaint are deemed factual averments, Levy denies them.

## COUNT II
**Violation of the Fair Labor Standards Act — Minimum Wages**
**Section 216(b) Collective Action**

**COMPLAINT ¶27:**

Plaintiff hereby realleges and incorporates paragraphs 1 through 26 of this Complaint.

**ANSWER:**

Levy incorporates by reference its Answers to the preceding Paragraphs as if they were fully set forth herein.

**COMPLAINT ¶28:**

This count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et seq.,* for its failure to pay minimum wages to Plaintiff and other current and former employees working at the Stadium Club.

**ANSWER:**

Levy admits that Plaintiff purports to bring Count II under the FLSA for Levy's alleged failure to pay minimum wage to Plaintiff and other current and former employees working at the Stadium Club. Levy denies that it engaged in any wrongdoing or violation of the FLSA and denies that this is a proper collective action. Levy denies any remaining allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Plaintiff brings this claim as a collective action under Section 16(b) of the Act. 29 U.S.C. §216(b). Plaintiff's consent form is attached hereto as Exhibit C.

**ANSWER:**

Levy admits that Plaintiff purports to bring Count II as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Levy admits that Plaintiff's consent form is attached to the Complaint as Exhibit C. Levy denies that it engaged in any wrongdoing or violation of the FLSA and denies that this is a proper collective action. Levy denies any remaining allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

Plaintiff and other current and former employees, were paid by Defendant an hourly rate less than the minimum wage. *See* Ex. A.

**ANSWER:**

Levy denies the allegations contained in Paragraph 30 of the Complaint. The $4.95 per hour was one component of the servers' pay, but not the only component, as servers also received a percentage of compulsory charges for service imposed on customers.

**COMPLAINT ¶31:**

Although Defendant took a tip credit in paying hourly wages to Plaintiff and other servers, Defendant failed to comply with the predicate requirements under the Act. 29 U.S.C. §203(m).

**ANSWER:**

Levy denies the allegations contained in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Defendant failed to inform Plaintiff and other servers of the provisions of the tip-credit subsection.

**ANSWER:**

Defendant admits the allegations contained in Paragraph 32 of the Complaint, but further states that it informed Plaintiff and others that their hourly pay would be $4.95 per hour, with additional wages paid to them through compulsory service charges, the combination of which meant their regular rate of pay exceeded minimum wage.

**COMPLAINT ¶33:**

If the compulsory charge that Defendant required of its patrons is a *bona fide* service charge, then that money, even if distributed to tipped employees, cannot be used as a tip under Section 3(m). If, on the other hand, the 18 percent charge is a tip, then it was improper for Defendant to appropriate a portion of that tip for its own uses.

**ANSWER:**

The allegations contained in Paragraph 33 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent that any of the allegations contained in Paragraph 33 of the Complaint are deemed factual averments, Levy denies them.

**COMPLAINT ¶34:**

Defendant's failure to comply with the minimum wage requirements of the FLSA regarding tip credit, and consequently, Defendant's failure to pay minimum wage to Plaintiff and other similarly-situated employees, was a willful violation of the Act.

11

**ANSWER:**

Levy denies the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

Plaintiff and other similarly-situated persons are due unpaid minimum wage and liquidated damages, pursuant to 29 U.S.C. §216.

**ANSWER:**

Levy denies the allegations contained in Paragraph 35 of the Complaint.

### ANSWER TO REMAINDER OF PLAINTIFF'S COMPLAINT

The remaining unnumbered paragraphs of Plaintiff's Complaint contain Plaintiff's prayers for relief. Levy denies that Plaintiff or those she purports to represent are entitled to any relief. Levy further denies every remaining allegation in the Complaint that has not been separately and specifically admitted.

### AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Levy asserts the following affirmative and other defenses. Levy reserves the right to amend its Answer and Affirmative Defenses to Plaintiff's Complaint and to assert any additional affirmative or other defenses that may appear and prove applicable during the course of the litigation.

### FIRST DEFENSE

Levy acted in good faith and had reasonable grounds for believing that it acted properly in its pay practices with respect to Plaintiff and potential class members and Plaintiff and other potential class members, therefore, may not be awarded liquidated damages.

### SECOND DEFENSE

Plaintiff's claims and those of potential class members are barred, in whole or in part, by applicable statutes of limitations.

## THIRD DEFENSE

Plaintiff's claims and those of potential class members are barred, in whole or in part, by statutory exclusions, exceptions, setoffs, or credits under the FLSA.

## FOURTH DEFENSE

Plaintiff and potential class members have, at all relevant times, received hourly pay in excess of the minimum wage under both the IMWL and FLSA.

## FIFTH DEFENSE

Plaintiff's claim under the Fair Labor Standards Act and those of any opt-in plaintiffs, are barred by the exemption for Seasonal Amusement or Recreational Establishments.

WHEREFORE, Levy denies that Plaintiff is entitled to any relief and requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, that judgment be awarded in Levy's favor, and that Levy be awarded its costs, attorneys' fees, and any such other relief as this Court deems appropriate.

**DATED: September 10, 2014**              Respectfully submitted,

                                           LEVY PREMIUM FOODSERVICE
                                           LIMITED PARTNERSHIP


                                           By: s/ Laura E. Reasons
                                              One of Its Attorneys

Noah A. Finkel (nfinkel@seyfarth.com)
Laura E. Reasons (lreasons@seyfarth.com)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2014, I electronically filed the foregoing Defendant's First Amended Answer and Affirmative and Other Defenses to Plaintiff's Complaint with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including the following:

| | |
|---|---|
| Jamie G. Sypulski<br>Law Office Jamie Golden Sypulski<br>150 North Michigan Avenue, Suite 1000<br>Chicago, IL 60601<br>Email: jsypulski@sbcglobal.net | Brian Scott Schaffer (pro hac vice)<br>Fitapelli & Schaffer, LLP<br>475 Park Avenue South, 12th Floor<br>New York, NY 10016<br>Email: bschaffer@fslawfirm.com |

Maureen Ann Salas
Sarah Jean Arendt
Douglas M. Werman
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
Email: msalas@flsalaw.com
   arendt@flsalaw.com
   werman@flsalaw.com

             /s/ Laura E. Reasons
             Laura E. Reasons

17843516v.2